IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

CHRISANN PRUSZKA,

    Plaintiff,

AMERICAN AIRLINES, INC.
HEALTH AND WELFARE PLAN,

    Involuntary Plaintiff,    Case No.: 2:25-cv-1772

v.

WALMART, INC., and
ABC INSURANCE COMPANY,

    Defendants.

## NOTICE OF REMOVAL

Defendant Walmart Inc. ("Walmart") hereby removes this action from the Circuit Court for Milwaukee County, Wisconsin to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1332, 1441, 1446, on the grounds that there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000 excluding interest and costs. In support of removal, Walmart states as follows:

**State Court File**

1.    Plaintiff Chrisann Pruszka initiated this action by filing a Complaint on August 1, 2025 in the Circuit Court for Milwaukee County, Wisconsin, styled as *Chrisann Pruszka, et al. v. Walmart, Inc., et al.*, Case No. 2025-CV-006630 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a complete copy of the file in the State Court Action, including all process, pleadings, and orders served upon Walmart, is attached hereto as **Exhibit A**.

## Removal is Timely

2. The case stated by the Plaintiff's initial pleading was not removable because it did not allege the amount in controversy such that Walmart could determine diversity grounds. Walmart arguably first received notice of the amount in controversy during the course of the litigation, sufficient to determine that this case was removable, when Plaintiff's counsel notified counsel for Walmart that the amount in controversy in this case would exceed $75,000 via email on October 14, 2025. Because this Notice is being filed within 30 days of that date, this removal is timely pursuant to 28 U.S.C. § 1446(b)(3), as computed under Fed. R. Civ. P. 6(a). *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, at 825-26 (7th Cir. 2013).

## Nature of Plaintiff's Claims

3. Plaintiff asserts causes of action for negligence and violation of Wisconsin's safe place statute (premises liability). Plaintiff alleges she was injured when she slipped and fell at a Walmart in Franklin, Wisconsin. (*See generally*, State Compl., **Ex. A**.)

## Diversity Jurisdiction

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

5. First, upon information and belief, the matter in controversy exceeds $75,000 exclusive of interest and costs.

6. Second, there is complete diversity of citizenship because Plaintiff and Defendants are citizens of different States.

7. Plaintiff is a natural person and citizen of Wisconsin. Her principal residence is located at 3231 W. Plaza Drive, Franklin, Wisconsin 53132 (*See* **Ex. A**, Compl., ¶ 1).

8. Involuntary Plaintiff American Airlines, Inc. Health and Welfare Plan, is a citizen of Connecticut and Wisconsin because it is incorporated under the laws of Wisconsin and its principal place of business is located at 185 Asylum St. City Place 4th Floor, Hartford, CT 06103.

Plaintiff named this party as an Involuntary Plaintiff to protect alleged its alleged subrogation interests (*See* **Ex. A**, Compl., ¶ 2). Therefore, American Airlines, Inc. Health and Welfare Plan is a nominal party in this action, as opposed to a real party in interest, and its citizenship is irrelevant to determining whether complete diversity exists. *See Vandervest v. Wisconsin Cent.*, 936 F. Supp. 601, 604-05 (E.D. Wis. 1996).

9. Defendant Walmart is a citizen of Delaware and Arkansas because it is incorporated under the laws of Delaware and its principal place of business is located at 1 Customer Drive, Bentonville, AR 72716.

10. ABC Insurance Company is a fictitious company (*See* **Ex. A**, Compl., ¶ 4). The citizenship of this fictious party is irrelevant to determining whether the State Court Action is removable to this Court. *See* 28 U.S.C. § 1441(b)(1).

### Consent to Removal

11. Walmart is the only real party in interest who is a Defendant in this action. Further, pursuant to discussions with counsel for Plaintiff, Walmart confirms that Plaintiff does not oppose removal.

### Venue

12. Venue in this Court is proper pursuant to 28 U.S.C. § 1446(a) because this Court is the district and division within which the State Court Action is pending.

### Service of Notice

13. A copy of this Notice is being served on all adverse parties and filed with the Clerk of the Milwaukee County Circuit Court pursuant to 28 U.S.C. § 1446(d).

### Preservation of Defenses

14. By filing this Notice, Walmart does not waive, and hereby reserves, its jury demand, and all applicable objections or affirmative defense to Plaintiff's Complaint, which were

originally asserted in Walmart's Answer and Affirmative Defenses in the State Court Action (*See* Walmart Ans., **Ex. A**).

**WHEREFORE**, Walmart respectfully requests that this action be removed from the Circuit Court of Milwaukee County to the United States District Court for the Eastern District of Wisconsin.

Dated this 12th day of November, 2025.

**GASS TUREK LLC**
*Attorneys for Walmart Inc.*

*s/Joshua I. Bernstein*
Tamar B. Kelber, SBN 1101802
kelber@gassturek.com
Joshua I. Bernstein, SBN 1107914
bernstein@gassturek.com
241 North Broadway, Suite 300
Milwaukee, WI 53202
T: 414-223-3300
F: 414-224-6116