# EXHIBIT A

FILED
08-01-2025
Anna Maria Hodges
Clerk of Circuit Court
2025CV006630
Honorable Jean Marie Kies-45
Branch 45

**STATE OF WISCONSIN** **CIRCUIT COURT**
**MILWAUKEE COUNTY** **CIVIL COURT BRANCH**

---

**CHRISANN PRUSZKA**
**3231 W. Plaza Drive**
**Franklin, WI 53132,**

**Plaintiff,**

**AMERICAN AIRLINES, INC. HEALTH & WELFARE PLAN**
**c/o United Healthcare by its Registered Agent**
**CT Corporation System**
**301 S. Bedford Street, Suite 1**
**Madison, WI 53703,**

**Involuntary Plaintiff,**

**v.**

**Civil Code: 30107**
**Case Type: Personal Injury - Other**

**WALMART, INC.**
**c/o its Registered Agent**
**CT Corporation System**
**301 S. Bedford Street, Suite 1**
**Madison, WI 53703, and**

**ABC INSURANCE COMPANY,**

**Defendants.**

---

## SUMMONS

---

**THE STATE OF WISCONSIN:**

To the Defendant named above:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written statement, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of Wisconsin Statutes.

The Answer must be sent or delivered to the Court, whose address is:

Clerk of Courts
Milwaukee County Courthouse
901 North 9th Street, Room 104
Milwaukee, WI 53233

and to MacGillis Law Group, LLC, for the Plaintiff, at:

Attorney Marisol González Castillo
Attorney Katherine E. Metzger
12700 W. Bluemound Road, Suite 200
Elm Grove, WI 53122

You may have an attorney help or represent you.

If you do not provide a proper Answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

Dated at Verona, Wisconsin this 1st day of August, 2025.

**MacGILLIS LAW GROUP, LLC**
Attorneys for the Plaintiff,
Chrisann Pruszka

Marisol González

______________________________

Marisol González Castillo
State Bar No. 1113902
Katherine E. Metzger
State Bar No. 1099836

This Document Drafted By:
MacGillis Law Group, LLC
12700 W. Bluemound Road, Suite 200
Elm Grove, WI 53122
T: (414) 727-5150
F: (414) 727-5155
Marisol@macgillis.com
Kate@macgillis.com

FILED
08-01-2025
Anna Maria Hodges
Clerk of Circuit Court
2025CV006630
Honorable Jean Marie Kies-45
Branch 45

**STATE OF WISCONSIN CIRCUIT COURT**
**MILWAUKEE COUNTY CIVIL COURT BRANCH**

---

**CHRISANN PRUSZKA**
**3231 W. Plaza Drive**
**Franklin, WI 53132,**

**Plaintiff,**

**AMERICAN AIRLINES, INC. HEALTH & WELFARE PLAN**
**c/o United Healthcare by its Registered Agent**
**CT Corporation System**
**301 S. Bedford Street, Suite 1**
**Madison, WI 53703,**

**Involuntary Plaintiff,**

**v.**

**Civil Code: 30107**
**Case Type: Personal Injury - Other**

**WALMART, INC.**
**c/o its Registered Agent**
**CT Corporation System**
**301 S. Bedford Street, Suite 1**
**Madison, WI 53703, and**

**ABC INSURANCE COMPANY,**

**Defendants.**

---

# COMPLAINT

---

NOW COMES the above-named Plaintiff, Chrisann Pruszka, by her attorneys MacGillis Law Group, LLC, by Attorney Marisol González Castillo and Attorney Katherine E. Metzger, for her Complaint against the above-named Defendants alleges and shows to the Court as follows:

## PARTIES

1. Plaintiff, Chrisann Pruszka, ("Pruszka") is an adult resident of Milwaukee County, Wisconsin, whose address is 3231 W. Plaza Drive, Franklin, WI 53132.

2. Involuntary Plaintiff, American Airlines, Inc. Health & Welfare Plan, c/o UnitedHealthcare, ("UnitedHealthcare") with offices located at 185 Asylum St. City Place 4th Floor, Hartford, CT, 06103, is in the business of providing healthcare insurance coverage to subscribers. At all times pertinent hereto, UnitedHealthcare may have provided healthcare insurance coverage to the Plaintiff. By reason of these payments and the provisions of Wisconsin law, UnitedHealthcare may have an interest in any recovery herein to the extent of its payments, however, subject to the net made-whole rule in Wisconsin; and by such interest, UnitedHealthcare is a proper party under Wisconsin law. UnitedHealthcare's registered agent for service of process is CT Corporation System, 301 S. Bedford Street, Suite 1, Madison, Wisconsin 53703.

3. Defendant Walmart, Inc., ("Walmart") whose registered agent is CT Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703, upon information and belief, is a corporation that owns or manages grocery stores in the State of Wisconsin. Walmart's principal office address is 1 Customer Drive, Bentonville, AZ 72716.

4. Defendant, ABC Insurance Company, is upon information and belief, an insurance corporation conducting business in the state of Wisconsin. ABC Insurance Company is engaged in the business of writing, selling, and issuing policies of liability and umbrella and/or excess insurance coverage. At all times relevant, ABC Insurance Company had in force and effect a policy or policies of insurance providing liability coverage and/or umbrella and/or excess insurance coverage to the Defendant, Walmart, for the Plaintiff's claims set forth herein.

**FACTUAL ALLEGATIONS**

5. On August 3, 2022, Plaintiff, Chrisann Pruszka, sustained injuries when she slipped and fell on liquid on the floor by the self-check-out area at Walmart located at 6701 S. 27th Street, Franklin, WI 53132 ("Store #1551").

6. On the day of the incident, Ms. Pruszka went into Store #1551 to purchase some items as she and her husband, Albert, were going to the State Fair.

7. As Ms. Pruszka was walking towards a self-checkout register, she slipped and fell.

8. Ms. Pruszka fell on clear liquid that was spilled on the ground near the self-check-out register she was going to use.

9. Upon information and belief, the clear liquid on the floor inside Store #1551 resulted from a spill by a previous customer.

10. At the time Ms. Pruszka slipped and fell on Store #1551 property, nobody had cleaned up the spilled liquid.

11. At all times material, Defendants failed to adequately inspect and maintain the floor to keep it free of liquids.

12. At all times material, Defendants were negligent in the inspection and maintenance of the area where Ms. Pruszka was injured in that Defendants failed, among other things, to provide a safe walking surface or otherwise warn customers of the unsafe condition that Defendants knew or should have known existed.

13. The negligence of Defendants was a cause of the injuries and damages sustained by Ms. Pruszka.

14. As a result of the described fall and injury, Ms. Pruszka suffered severe and disabling permanent personal injuries that have required, and will require, medical care, treatment

and attention with attendant expense, past and future pain, suffering, disability and loss of enjoyment of life, and other compensable injuries, all to her damage in an amount to be determined at trial by a jury.

**FIRST CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**Negligence**

15. Plaintiff realleges and incorporates herein by reference all material allegations contained in paragraphs 1 through 14 above.

16. Store #1551 holds itself out to the public for commercial purposes, and thus Ms. Pruszka was an invitee on Store #1551 property.

17. At the time of the incident, which is the subject matter of this Complaint, Store #1551 was negligent in maintaining its premises.

18. Store #1551 had a duty to inspect and maintain its premises so as to not pose an unreasonable risk of harm to persons frequenting it.

19. Store #1551 breached its duty by allowing clear liquid to accumulate on the ground in a high traffic area, which was a dangerous condition on its property.

20. At the time of the incident, which is the subject matter of this Complaint, Store #1551 was negligent in failing to inspect and/or maintain its premises so it did not pose an unreasonable threat of harm to its frequenters.

21. Store #1551's breach of its duties was the cause of Ms. Pruszka's injuries.

22. As a direct and proximate result of Store #1551's negligence, Ms. Pruszka suffered damages including physical injury, pain and suffering, emotional distress, loss of earnings, and medical expenses. Upon information and belief, Ms. Pruszka will continue to suffer damages in the future.

**SECOND CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**Safe Place Violation**

23. Plaintiff realleges and incorporates by reference all material allegations contained in paragraphs 1 through 22 above.

24. At all times material, Plaintiff was a frequenter, as those terms are defined in Wis. Stat. § 101.01, at the subject premises.

25. At all times material, with respect to the property, Defendant, Walmart, was the owner of a public building and/or owner and/or employer of a place of employment as those terms are defined in Wis. Stat. § 101.01.

26. Store #1551 had a duty to maintain its premises and to adopt and use methods and processes so as to render the premises safe for employees and "frequenters."

27. Store #1551 breached its duty to Ms. Pruszka by failing to maintain its premises in a safe condition, specifically by failing to address the clear liquid spilled in the self-check-out area, which Store #1551 knew or should have known about and which caused Ms. Pruszka's injuries.

28. Upon information and belief, Store #1551 further breached its duty to Ms. Pruszka by failing to adopt and use methods and processes reasonably adequate to render its premises safe.

29. As a result of the acts and omissions of Defendants, Plaintiff suffered severe and permanent personal injuries that have required, and will require, medical care, treatment and attention with attendant expense, past and future pain, suffering, loss of enjoyment of life, and other compensable injuries, all to her damage in an amount to be determined at trial by a jury.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff demands judgement against Defendants, jointly and severally, as follows:

A. Against all Defendants for benefits for the full amount of Plaintiff's damages to be determined by a jury;

B. With regards to UnitedHealthcare:

a. Dismissing their subrogation and/or reimbursement interests in this matter in their entirety;

b. In the alternative, if UnitedHealthcare fails to timely answer and appear, or fails to participate in the prosecution of this action as provided under Wisconsin law, then for dismissal of UnitedHealthcare and extinguishment of their alleged rights and interests in their entirety;

c. In the alternative, if UnitedHealthcare does timely answer and appear and participate in this matter, then for a determination of their alleged rights including but not limited to, a determination and declaration that their rights and interests, if any, are subject to Wisconsin's net made whole rule, and that they are not entitled to any recovery unless and until the Plaintiff has been made-whole by any settlement or by funds available to satisfy any claim or judgement in this matter;

C. For taxable costs and attorney's fees; and

D. For such other legal and equitable relief to which Plaintiff may be entitled to by law.

**PLEASE TAKE NOTICE THAT PLAINTIFF DEMANDS A TRIAL BY A TWELVE (12) PERSON JURY IN THE ABOVE MATTER.**

Dated at Verona, Wisconsin this 1st day of August, 2025.

**MacGILLIS LAW GROUP, LLC**
Attorneys for the Plaintiff,
Chrisann Pruszka

*Marisol González* [signature]

Marisol González Castillo
State Bar No. 1113902
Katherine E. Metzger
State Bar No. 1099836

This Document Drafted By:
MacGillis Law Group, LLC
12700 W. Bluemound Road, Suite 200
Elm Grove, WI 53122
T: (414) 727-5150
F: (414) 727-5155
Marisol@macgillis.com
Kate@macgillis.com

FILED
09-10-2025
Anna Maria Hodges
Clerk of Circuit Court
2025CV006630

# AFFIDAVIT OF SERVICE

| Case: 2025CV006630 | Court: Milwaukee County Circuit Court | County: , WI | Job: 14052476 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Chrisann Pruszka et al | | **Defendant / Respondent:** Walmart, Inc. et al | |
| **Received by:** Dane County Civil Process, LLC | | **For:** MacGillis Wiemer, LLC | |
| **To be served upon:** American Airlines, Inc. Health & Welfare Plan, c/o United Healthcare, c/o CT Corporation System | | | |

I, Michael Jesse, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Barb DeJongh, Clerk, CT Corporation System, Registered Agent Company: 301 South Bedford Street Suite 1, Madison, WI 53703

**Manner of Service:** Registered Agent, Sep 5, 2025, 11:08 am CDT

**Documents:** Authenticated Summons and Complaint (Received Sep 1, 2025 at 9:00am CDT), Electronic Filing Notice

**Additional Comments:**
1) Successful Attempt: Sep 5, 2025, 11:08 am CDT at Registered Agent Company: 301 South Bedford Street Suite 1, Madison, WI 53703 received by Barb DeJongh, Clerk, CT Corporation System. Age: 60-65; Ethnicity: Caucasian; Gender: Female; Weight: 170; Height: 5'6"; Hair: Gray;
Served on an individual who claimed that they were authorized to accept service.

**Fees:** $40.00

Michael Jesse — 09/10/2025
**Date**

Dane County Civil Process, LLC
345 W Washington Ave Suite 201
Madison, WI 53703
608-849-6420

*Subscribed and sworn to before me by the affiant who is personally known to me.*

**Notary Public**
09/10/2025 — 06/27/2028
**Date** **Commission Expires**

JESSICA L. BAXTER
NOTARY PUBLIC
STATE OF WISCONSIN

FILED
09-10-2025
Anna Maria Hodges
Clerk of Circuit Court
2025CV006630

# AFFIDAVIT OF SERVICE

| | | | |
|---|---|---|---|
| **Case:** 2025CV006630 | **Court:** Milwaukee County Circuit Court | **County:** , WI | **Job:** 14052476 |
| **Plaintiff / Petitioner:** Chrisann Pruszka et al | | **Defendant / Respondent:** Walmart, Inc. et al | |
| **Received by:** Dane County Civil Process, LLC | | **For:** MacGillis Wiemer, LLC | |
| **To be served upon:** Walmart, Inc., c/o CT Corporation System | | | |

I, Michael Jesse, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Barb DeJongh, Clerk, CT Corporation System, Registered Agent Company: 301 South Bedford Street Suite 1, Madison, WI 53703

**Manner of Service:** Registered Agent, Sep 5, 2025, 11:08 am CDT

**Documents:** Authenticated Summons and Complaint (Received Sep 1, 2025 at 9:00am CDT), Electronic Filing Notice, Plaintiffs' First Set of Interrogatories and Request for Production of Documents to Defendant, Walmart, Inc.

**Additional Comments:**
1) Successful Attempt: Sep 5, 2025, 11:08 am CDT at Registered Agent Company: 301 South Bedford Street Suite 1, Madison, WI 53703 received by Barb DeJongh, Clerk, CT Corporation System. Age: 60-65; Ethnicity: Caucasian; Gender: Female; Weight: 170; Height: 5'6"; Hair: Gray;
Served on an individual who claimed that they were authorized to accept service.

**Fees:** $40.00

Michael Jesse — Date: 09/05/2025

Dane County Civil Process, LLC
345 W Washington Ave Suite 201
Madison, WI 53703
608-849-6420

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Notary Public

Date: 09/05/2025 — Commission Expires: 06/27/2028

JESSICA L. BAXTER
NOTARY PUBLIC
STATE OF WISCONSIN

FILED
10-20-2025
Anna Maria Hodges
Clerk of Circuit Court
2025CV006630

STATE OF WISCONSIN CIRCUIT COURT MILWAUKEE COUNTY

CHRISANN PRUSZKA,

Plaintiff,

AMERICAN AIRLINES, INC. HEALTH AND WELFARE PLAN,

Involuntary Plaintiff,

Case No. 25-CV-6630
Case Code: 30107

v.

WALMART, INC., et al.,

Defendants.

**WALMART INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant Walmart Inc. (hereinafter "Walmart"), through its counsel Gass Turek LLC, as and for its answer to Plaintiff's Complaint, states as follows:

**PARTIES**

1. Plaintiff, Chrisann Pruszka, ("Pruszka") is an adult resident of Milwaukee County, Wisconsin, whose address is 3231 W. Plaza Drive, Franklin, WI 53132.

**ANSWER: Upon representation of counsel, admit.**

2. Involuntary Plaintiff, American Airlines, Inc. Health & Welfare Plan, c/o UnitedHealthcare, ("UnitedHealthcare") with offices located at 185 Asylum St. City Place 4th Floor, Hartford, CT, 06103, is in the business of providing healthcare insurance coverage to subscribers. At all times pertinent hereto, UnitedHealthcare may have provided healthcare insurance coverage to the Plaintiff. By reason of these payments and the provisions of Wisconsin law, UnitedHealthcare may have an interest in any recovery herein to the extent

of its payments, however, subject to the net made-whole rule in Wisconsin; and by such interest, UnitedHealthcare is a proper party under Wisconsin law. UnitedHealthcare's registered agent for service of process is CT Corporation System, 301 S. Bedford Street, Suite 1, Madison, Wisconsin 53703.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them. Answering the allegations that United Healthcare may have subrogated interests in this action, the extent of such interests, and United Healthcare's status as a proper party, those are legal conclusions to which no answer is required. To the extent they are deemed allegations requiring a response, Walmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.**

3. Defendant Walmart, Inc., ("Walmart") whose registered agent is CT Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703, upon information and belief, is a corporation that owns or manages grocery stores in the State of Wisconsin. Walmart's principal office address is 1 Customer Drive, Bentonville, AZ 72716.

**ANSWER: Defendant admits that its registered agent for service of process in Wisconsin is as alleged. Walmart denies the remaining allegations of Paragraph 3.**

4. Defendant, ABC Insurance Company, is upon information and belief, an insurance corporation conducting business in the state of Wisconsin. ABC Insurance Company is engaged in the business of writing, selling, and issuing policies of liability and

umbrella and/or excess insurance coverage. At all times relevant, ABC Insurance Company had in force and effect a policy or policies of insurance providing liability coverage and/or umbrella and/or excess insurance coverage to the Defendant, Walmart, for the Plaintiff's claims set forth herein.

**ANSWER: Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.**

## FACTUAL ALLEGATIONS

5. On August 3, 2022, Plaintiff, Chrisann Pruszka, sustained injuries when she slipped and fell on liquid on the floor by the self-check-out area at Walmart located at 6701 S. 27th Street, Franklin, WI 53132 ("Store #1551").

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and therefore denies them.**

6. On the day of the incident, Ms. Pruszka went into Store #1551 to purchase some items as she and her husband, Albert, were going to the State Fair.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and therefore denies them.**

7. As Ms. Pruszka was walking towards a self-checkout register, she slipped and fell.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies them.**

8. Ms. Pruszka fell on clear liquid that was spilled on the ground near the self-check- out register she was going to use.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies them.**

9. Upon information and belief, the clear liquid on the floor inside Store #1551 resulted from a spill by a previous customer.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and therefore denies them.**

10. At the time Ms. Pruszka slipped and fell on Store #1551 property, nobody had cleaned up the spilled liquid.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies them.**

11. At all times material, Defendants failed to adequately inspect and maintain the floor to keep it free of liquids.

**ANSWER: Deny.**

12. At all times material, Defendants were negligent in the inspection and maintenance of the area where Ms. Pruszka was injured in that Defendants failed, among other things, to provide a safe walking surface or otherwise warn customers of the unsafe condition that Defendants knew or should have known existed.

**ANSWER: Paragraph 12 states a series of legal conclusions to which no response is required. To the extent Paragraph 12 is construed as stating factual**

**allegations requiring a response, they are denied, including all allegations of negligence.**

13. The negligence of Defendants was a cause of the injuries and damages sustained by Ms. Pruszka.

**ANSWER: Paragraph 13 states a legal conclusion to which no response is required. To the extent Paragraph 13 is construed as stating factual allegations requiring a response, they are denied, including all allegations of negligence.**

14. As a result of the described fall and injury, Ms. Pruszka suffered severe and disabling permanent personal injuries that have required, and will require, medical care, treatment and attention with attendant expense, past and future pain, suffering, disability and loss of enjoyment of life, and other compensable injuries, all to her damage in an amount to be determined at trial by a jury.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies them.**

**FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**Negligence**

15. Plaintiff realleges and incorporates herein by reference all material allegations contained in paragraphs 1 through 14 above.

**ANSWER: Defendant incorporates by reference each of its allegations, answers, and defenses in Paragraphs 1-14 as if fully set forth here.**

16. Store #1551 holds itself out to the public for commercial purposes, and thus Ms. Pruszka was an invitee on Store #1551 property.

**ANSWER: Paragraph 16 states legal conclusions to which no response is required. To the extent Paragraph 16 is construed as stating factual allegations requiring a response, they are denied.**

17. At the time of the incident, which is the subject matter of this Complaint, Store #1551 was negligent in maintaining its premises.

**ANSWER: Paragraph 17 states a legal conclusion to which no response is required. To the extent Paragraph 17 is construed as stating factual allegations requiring a response, they are denied, including all allegations of negligence.**

18. Store #1551 had a duty to inspect and maintain its premises so as to not pose an unreasonable risk of harm to persons frequenting it.

**ANSWER: Paragraph 18 states a legal conclusion to which no response is required. To the extent Paragraph 18 is construed as stating factual allegations requiring a response, they are denied.**

19. Store #1551 breached its duty by allowing clear liquid to accumulate on the ground in a high traffic area, which was a dangerous condition on its property.

**ANSWER: Paragraph 19 states a legal conclusion to which no response is required. To the extent Paragraph 19 is construed as stating factual allegations requiring a response, they are denied, including all allegations of negligence.**

20. At the time of the incident, which is the subject matter of this Complaint, Store #1551 was negligent in failing to inspect and/or maintain its premises so if did not pose an unreasonable threat of harm to its frequenters.

**ANSWER: Paragraph 20 states a legal conclusion to which no response is required. To the extent Paragraph 20 is construed as stating factual allegations requiring a response, they are denied, including all allegations of negligence.**

21. Store #1551's breach of its duties was the cause of Ms. Pruszka's injuries.

**ANSWER: Paragraph 21 states a legal conclusion to which no response is required. To the extent Paragraph 21 is construed as stating factual allegations requiring a response, they are denied, including all allegations of negligence.**

22. As a direct and proximate result of Store #1551's negligence, Ms. Pruszka suffered damages including physical injury, pain and suffering, emotional distress, loss of earnings, and medical expenses. Upon information and belief, Ms. Pruszka will continue to suffer damages in the future.

**ANSWER: Paragraph 22 in part states a series of legal conclusions to which no response is required. To the extent Paragraph 22 is construed as stating factual allegations requiring a response, Walmart lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's alleged injuries and/or damages and therefore denies same. Walmart denies all allegations of negligence.**

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
## Safe Place Violation

23. Plaintiff realleges and incorporates by reference all material allegations contained in paragraphs 1 through 22 above.

**ANSWER: Defendant incorporates by reference each of its allegations, answers, and defenses in Paragraphs 1-22 as if fully set forth here.**

24. At all times material, Plaintiff was a frequenter, as those terms are defined in Wis. Stat. § 101.01, at the subject premises.

**ANSWER: Paragraph 24 states a legal conclusion to which no response is required. To the extent Paragraph 24 is construed as stating factual allegations requiring a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and on that basis denies the same.**

25. At all times material, with respect to the property, Defendant, Walmart, was the owner of a public building and/or owner and/or employer of a place of employment as those terms are defined in Wis. Stat. § 101.01.

**ANSWER: Paragraph 25 states a legal conclusion to which no response is required. To the extent Paragraph 25 is construed as stating factual allegations requiring a response, they are denied.**

26. Store #1551 had a duty to maintain its premises and to adopt and use methods and processes so as to render the premises safe for employees and "frequenters."

**ANSWER: Paragraph 26 states a legal conclusion to which no response is required. To the extent Paragraph 26 is construed as stating factual allegations requiring a response, they are denied.**

27. Store #1551 breached its duty to Ms. Pruszka by failing to maintain its premises in a safe condition, specifically by failing to address the clear liquid spilled in the self-checkout area, which Store #1551 knew or should have known about and which caused Ms. Pruszka's injuries.

**ANSWER: Paragraph 27 states a legal conclusion to which no response is required. To the extent Paragraph 27 is construed as stating factual allegations requiring a response, they are denied, including any allegations of negligence.**

28. Upon information and belief, Store #1551 further breached its duty to Ms. Pruszka by failing to adopt and use methods and procedures reasonably adequate to render its premises safe.

**ANSWER: Paragraph 28 states a legal conclusion to which no response is required. To the extent Paragraph 28 is construed as stating factual allegations requiring a response, they are denied, including any allegations of negligence.**

29. As a result of the acts and omissions of Defendants, Plaintiff suffered severe and permanent personal injuries that have required, and will require, medical care, treatment and attention with attendant expense, past and future pain, suffering, loss of enjoyment of life, and other compensable injuries, all to her damage in an amount to be determined at trial by a jury.

**ANSWER: Paragraph 29 in part states a series of legal conclusions to which no response is required. To the extent Paragraph 29 is construed as stating factual allegations requiring a response, Walmart lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's alleged injuries and/or damages and therefore denies same. Walmart denies all allegations of negligence and breach of any other statutory or legal duty.**

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief may be granted against Walmart.

2. Plaintiff's alleged injuries and damages, if any, were caused by Plaintiff's own conduct, contributory negligence, and assumption of risk.

3. Plaintiff's alleged injuries and damages, if any, may have been caused by pre-existing conditions or injuries.

4. Plaintiff may have failed to mitigate her damages, if any.

5. Plaintiff's claims against the Walmart may be barred or limited by the negligent acts and/or omissions of other persons or entities over whom Walmart has no control.

6. Plaintiff's alleged injuries and damages, if any, may have been the result of intervening or superseding causes.

7. Plaintiff's claims are barred in whole or in part because Walmart lacked knowledge or actual or constructive notice of any allegedly unsafe and/or dangerous condition alleged in Plaintiff's Complaint.

8. Plaintiff's claims are barred in whole or in part because any allegedly unsafe and/or dangerous condition was open and obvious to the Plaintiff.

10. Plaintiff may have incurred excessive medical expenses that: (a) are not causally related to the alleged incident; (b) were not reasonable; and/or (c) were not necessary.

11. Subrogated health insurers are governed by Wis. Stat. § 803.03 and are liable for costs as set forth in Wis. Stat. § 814.04 if Walmart prevails, regardless of whether the health insurers participate in trial.

12. Walmart, and to avoid any claim of waiver, includes herein by reference all affirmative defenses required to be included in a responsive pleading, including without limitation those defenses set forth in Wis. Stat. § 802.02(3).

13. Walmart reserves its right to raise additional affirmative defenses as they become known during discovery and/or trial.

**WHEREFORE**, Walmart respectfully requests that this Court enter judgment in their favor against Plaintiff, and that the Court enter an order:

A. Dismissing Plaintiff's claims against Walmart with prejudice;

B. Awarding Walmart its reasonable attorneys' fees and costs incurred as a result of defending this action; and

C. Granting any other relief as the Court may deem just and appropriate.

**THE WALMART DEFENDANT DEMAND TRIAL BY A JURY OF 12**

Dated this 20th day of October, 2025

**GASS TUREK LLC**
*Attorneys for Defendant Walmart Inc.,*

*Electronically signed by Joshua I. Bernstein*
Tamar B. Kelber SBN 1101802
kelber@gassturek.com
Joshua I. Bernstein, SBN 1107914
bernstein@gassturek.com
241 North Broadway, Suite 300
Milwaukee, WI 53202
Phone: 414-223-3300
Fax: 414-224-6116

FILED
11-11-2025
Anna Maria Hodges
Clerk of Circuit Court
2025CV006630

**STATE OF WISCONSIN** **CIRCUIT COURT**
**MILWAUKEE COUNTY** **CIVIL COURT BRANCH**

---

**CHRISANN PRUSZKA,**

**Plaintiff,**

**AMERICAN AIRLINES, INC. HEALTH & WELFARE PLAN,**

**Involuntary Plaintiff,**

**v.**

**WALMART, INC., and**
**ABC INSURANCE COMPANY,**

**Defendants.**

**Case No.: 25-CV-6630**
**Civil Code: 30107**
**Case Type: Personal Injury – Other**

---

**STIPULATION FOR PARTIAL DISMISSAL WITH PREJUDICE OF INVOLUNTARY PLAINTIFF, AMERICAN AIRLINES INC. HEALTH AND WELFARE PLAN, ONLY**

---

IT IS HEREBY STIPULATED by and between the parties:

1. Involuntary Plaintiff, American Airlines Inc. Health and Welfare Plan, **only**, is dismissed, with prejudice and without costs to any party.

2. The caption shall be amended to remove Involuntary Plaintiff, American Airlines Inc. Health and Welfare Plan, **only**, as a party in the above-entitled action.

3. Plaintiff's claims against defendants, Walmart, Inc. and ABC Insurance Company, will proceed and the parties agree that the dismissal of American Airlines Inc. Health and Welfare Plan shall not prejudice or affect the Plaintiff's rights to recover from defendants.

Dated this 4th day of November, 2025.

**MacGILLIS LAW GROUP, LLC**
Attorneys for the Plaintiff,
Chrisann Pruszka

Marisol González Castillo
State Bar No. 1113902
Katherine E. Metzger
State Bar No. 1099836

Dated this 11th day of November, 2025.

**GASS TUREK LLC**
Attorneys for Defendant,
Walmart, Inc.

*Electronically signed by Joshua I. Bernstein*
Tamar B. Kelber
State Bar No. 1101802
Joshua I. Bernstein
State Bar No. 1107914

Dated this 5th day of November, 2025.

*Electronically signed by Philip Heppel*
Philip Heppel, Attorney for Involuntary Plaintiff,
American Airlines Inc. Health and Welfare Plan

This Document Drafted By:
MacGillis Law Group, LLC
12700 W. Bluemound Road, Suite 200
Elm Grove, WI 53122
T: (414) 727-5150
F: (414) 727-5155
Marisol@macgillis.com
Kate@macgillis.com